UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

A.W., individually and on behalf of E.D., a child witha disability,

*Plaintiff,*

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

*Defendant.*

Case 1:20-CV-06799-JPC-SN

PLAINTIFF'S MEMORANDUM OF LAW IN REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT FOR ATTORNEYS' FEES, COSTS AND EXPENSES

CUDDY LAW FIRM, P.L.L.C.
Britton H. Bouchard, Esq.*Attorneys for Plaintiff* 5693 South Street Road Auburn, New York 13021Tel.: (315) 370-1325
bbouchard@cuddvlawfirm.com

**PRELIMINARY STATEMENT**

This is an application for attorneys' fees following an administrative hearing conducted pursuant to the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 *et seq.* Plaintiffs A.W. (parent) of E.D., a student with a disability, is entitled to such an award because she was the "substantially prevailing party" following the decisions of an impartial hearing officer,which provided Plaintiff with substantial relief requested in a demand for a due process hearing under the IDEA. Plaintiff has moved the Court for summary judgment awarding reasonable attorneys' fees and costs pursuant to 20 U.S.C. § 1415(i)(3). Plaintiff now submits this memorandum of law in reply to Defendant's opposition to her motion.

**STATEMENT OF FACTS**

For purposes of this Reply, Plaintiff relies on the Statement of Facts contained in her Memorandum of Law in Support of her Motion for Summary Judgment.

**ARGUMENT**

**I. DEFENDANT FAILED TO SUFFICIENTLY REFUTE PLAINTIFF'SESTABLISHED REASONABLE RATES AND TIME**

A. Defendant's Requested Reductions are Based Only on Historical Rates

In its opposition, Defendant relies solely on recycling rates from past cases and provides no evidentiary support of current market rates. Further, the DOE's reliance on historical rates is dramatically increasing the need for federal court litigation, as it continues to negotiate in reliance on historical rates.

Two recent decisions heavily relied upon by Defendant are *S.J v. New York City Department of Education,* and *H.C. v. New York City Department of Education,* both of which involved attorneys' fees sought by Plaintiff's counsel pursuant to the fee-shifting provision of the IDEA. In *S.J.,* the Court awarded senior Cuddy attorneys $360 per hour. *S.J v. New York City*

*Dep 't of Educ.*, 2021 WL 100501 (S.D.N.Y. Jan. 12, 2021). In *H.C.*, the Court also awarded senior Cuddy attorneys $360 per hour. *H.C. v. New York City Dep 't of Educ.*, 2021 WL 2471195 (S.D.N.Y. June 17, 2021). However, Defendant's reliance on this case is misplaced as it overlooks that the Court applied historical rates as opposed to current market rates in its analysis of both cases. Further, Defendant repeatedly fails to inform this Court that both *S.J.* and *H.C.* are currently on appeal[1]. *see l:20-cv-1922; 21-240; l:20-cv-0844; 21-1582.*

In contrast, in an earlier case dating back over nine years and cited to by Defendant, Judge Castel found "reasonable hourly rate for these attorneys based on prevailing rates in the Southern District of New York is $375 per hour and $125 per hour for the paralegal." *K.F.* v. *New York City Dep 't of Educ.*, 2011 WL 3586142 at *1 (S.D.N.Y. Aug. 10, 2011), adhered to as amended, 2011 WL 4684361 (S.D.N.Y. Oct. 5, 2011) (involving Michael Cuddy, Andrew Cuddy and Cuddy Law Firm paralegal staff). Under *Farbotko*, K.F. fails to control rates during the period at issue; this case involves historic rates, not current market rates, for which Defendant has failed to provide any evidence of.

With respect to rates for the paralegals, Defendant has failed to dispute the experience of any of the paralegals. Further, Defendant has failed to provide any valid rationale as to why the Court should award less to Plaintiff's paralegals than those in the case law cited in Plaintiff's initial Memorandum of Law, for whom hourly rates of $125-$150 have been well-established by Southern District precedent for over a decade. Absent the attorney's knowledge of what last minute positions Defendant might adopt for hearing, it was important for the paralegal staff to have the attorneys prepared for what they might encounter at hearing. Given Defendant's ever-changing positions on the issues in the cases, and its failure to timely implement the final decision of the hearing officer, it was of utmost importance for Plaintiff to have knowledgeable and well-prepared paralegals to

[1] In a recent decision, L.D. v. New York City Dep't of Education, Plaintiffs counsel's rates were decided in reliance on historical rates as were both H.C. and S.J. For that reason, L.D. is currently on appeal. l:20-cv-06060; 21-1961.

assist the attorneys in preparing for the hearing and coordinating between the parties and service and evaluation providers. These facts alone justify even the paralegals' *usual* rates.

B. Defendant's Requested Rates Fall Below Those Negotiated with Private Counsel Hired to Represent the DOE

On December 30, 2020, Defendant entered into an agreement with Houget, Newman, Regal & Kenny, L.L.P. to provide outside counsel for claims involving the New York City Department of Education. *AC Dec. Ex. A.* Plaintiff requested a copy of the agreement using a FOIL request in January of 2021, and Defendant acknowledged receipt in the same month. *Id at ¶ 3.* In April of 2021, Plaintiff received a copy of the requested retainer agreement between Defendant and outside counsel. *Id at* ¶ 5. Within the agreement, the parties stipulated to the following rates: for partners a rate of $400 per hour; associates $300 per hour; and for paralegals, a rate of $100 per hour. *Id at Ex. A.* The total amount earned pursuant to the contract was not to exceed $480,000.00. *Id.*

Within its opposition memorandum, Defendant requests this Court award rates for associates within the Cuddy Law ("CLF") Firm as low as $200 per hour for associates, and less than $400 per hour for the senior attorneys and equity owners. If the Court were to accept Defendant's suggested rates, this would result in a situation wherein two attorneys with the same title, associate attorney, were performing mirrored tasks, but one was paid at a 2/3 rate of the other for no other reason than one represents the DOE and the other opposes it. Through its actions, Defendant has conceded the rates suggested for the CLF are well below what would reasonably be expected in the community for this type of litigation. If the rates offered for CLF truly reflect the community rates in the SDNY for these types of action, then why with all of its bargaining power did Defendant fail to attract competent counsel to litigate these claims at the same rates offered to CLF? The answer is simple; the rates suggested are not rates available.

Plaintiff is not suggesting the rates found within the agreement are reasonable, nor that those rates are desired for the instant action in a 2001 opinion, then Chief Judge for the Western District of New York, Judge Larimer, distinguished fee awards to those attorneys who represent school districts and those who represent parents of disabled children, as well as providing justification for increased rates to those who possess special expertise in the area of special education litigation. Sabatini v. Corning-Painted Post Area Sch. Dist, 190 F. Supp. 2d 509, 516 (W.D.N.Y. 2001). Both findings directly relate to matters at issue within this action.

In Sabatini, out of necessity due to a shortage of practitioners representing plaintiffs in her area, and after a documented search for counsel, attorneys from Buffalo, New York were retained to represent the parent in an IDEA action against her Sothern-Tier school district. Id. Plaintiff was ultimately successful in her suit, thus entitling her counsel to an award of reasonable fees, costs, and expenses as prevailing party. Id. Defendant challenged the rates charged by plaintiff's counsel as being too high for the rural community where the case was litigated. In conjunction with is challenge to the rates, defendant suggested the rates for plaintiff's counsel be set at the same rates agreed to between the school district and its counsel. Judge Larimer found defendant's argument unpersuasive and rejected its proposal to award plaintiff's counsel the much lower rates paid for its legal services. Id at 512. The court found several reasons to reject defendant's proposed hourly fee for plaintiff's counsel but focused on one in particular; plaintiff's counsel frequently work on a contingency fee basis, as is the case here, whereas "school attorneys are generally compensated for their services regardless of the outcome." Id at 515. The court recognized the higher risk and accordingly provided a higher fee award. Id at 524.

Further, in Sabatini, defendant contended that, regardless of what "community” is considered, plaintiff’s requested rates were too high. *Id.* Defendant contends the same in this matter in reference to A. Cuddy. The Court in *Sabatini* rejected defendant's argument and provided an individualized

analysis as to the credentials of those involved as a justification for the award of plaintiffs higher requested hourly rate. *Id. at 514.* These considerations included time inpractice, focus on special education litigation and contributions to the practice area via published written work concerning IDEA proceedings. *Id.* The highest hourly award in *Sabatini,* was given to an attorney of commensurate experience to Mr. Cuddy and who like Mr. Cuddy is a published author in special education law. *Id at 524.* The court considered his individual experience and accomplishments when deciding to award him over $100 per hour more than the rate sought by defendant. *Id at 514.* Furthermore, the depths of CLF's special education experience can easily be discovered through a search of cases filed within the SDNY.

Considering Defendant's failure to provide any evidence of current market rates for attorneys and paralegals, and the Plaintiff's presentation of the Court should apply the rates established in Plaintiff's initial motion papers.

**II. The Hours billed by Plaintiff's Counsel are Reasonable**

A. Plaintiff's Time Spent on the Administrative Proceeding is Reasonable

Defendant attempts to downplay the complexity of the administrative proceedings, and itsfailure to resolve the instant action through a mischaracterization of the events leading to this suit. Specifically, Defendant attempts to mislead the Court through suggesting a "Monday morning quarterbacking" strategy to determine reasonable hours. Defendant characterizes the underlying proceedings as straight forward and uncontested to lower the rate awarded and reduce the compensable time for Plaintiff's counsel. However, this case contained a greater level of complexity as it involved tuition reimbursement/payment for Plaintiff's unilateral placement of E.D. at a private school. In those types of cases, the United States Supreme Court has held that school district may be required to pay for educational services obtained for a student by a student's parent if the services offered are inadequate or inappropriate ("first

criterion,") the services selected by the parents are appropriate ("second criterion"), and equitable considerations support the parents' claim ("third criterion"), even if the private school in which the parents have placed the child is unapproved. *School Committee of the Town of Burlington* v. *Dep't of Education Massachusetts,* 471 U.S. 359 (1985); *Florence County School District Four et al.* v. *Carter by Carter,* 510 U.S. 7 (1993).

In the New York State, although school districts bear the burden of proof in demonstrating that the services offered are appropriate ("first criterion"), parents maintain the burden of proof regarding the appropriateness of the parent's unilateral placement in cases involving tuition reimbursement or payment ("second criterion"). *NY. Educ. Law § 4404(1)(c).* The administrative hearing that are the subject of the instant proceeding involved a unilateral placement made by Plaintiff for which she sought tuition reimbursement/payment. Accordingly, since Defendant did not stipulate to the appropriateness of the program offered by Plaintiffs chosen placement, Plaintiff was required to prepare a case in order to meet that burden of proof in the administrative proceeding.

Moreover, Defendant did not indicate whether it intended to defend FAPE ("first criterion") until the day of hearing, requiring preparation by Plaintiff's counsel in the event Defendant decided to call witnesses and defend the issue of FAPE. Defendant ultimately chose not to defend FAPE at the administrative proceeding thereby forcing Plaintiff to prepare and litigate all criteria for a unilateral placement in preparation for hearing, rather than solely focusing on the her burden to prove criterion two. Further, this case cannot be considered uncontested for the simple fact that Plaintiff was required to present documentary and testimonial evidence to meet her burden of proof in demonstrating that her chosen unilateral placement was appropriate and that equitable considerations supported her claim, as required by the second and third criterion under *Burlington* and *Carter.*

Part 200 of the Commissioner of Education Regulations, New York's IDEA implementing regulations, sets the timeline for an IDEA action. *200.5(j)* The critical applicable time in this case in known as the resolution period. During the first 30-days after the filing of the DPC, the patties are encouraged to resolve the claim in the absence of judicial intervention. In situations such as the case at bar, the action could be resolved immediately through the grant of the requested relief.

B. The Hours Billed at the Federal Level are Reasonable

Defendant alleges the time spent in the instant action is excessive as it relates to ensuring implementation of the decision below, preparing the complaint and drafting Plaintiffs opening papers. However, Defendant provides no evidence for these allegations and is basing its suggested reductions on nothing more than an opinion. This Court should refuse to honor Defendant's baseless requested reductions.

Regarding implementation, "[P]ost-decision activities" are only compensable if they are "useful and of a type ordinarily necessary to secure the final result from the litigation." *M.D.*, 2018 U.S. Dist. LEXIS 156923, at * I6 (quoting Pennsylvania v. Del. Valley Citizens' Council for Clean Air, 478 U.S. 546, 561 (1986). Here, Plaintiff was forced to communicate with Defendant to ensure delivery of the awarded services. This included resolving an issue relating to the duration of compensatory services. But for Plaintiff’s counsel's intervention, the full awarded services would likely not have been provided.

In drafting the complaint, Plaintiff’s counsel needed to review voluminous records. This included the DPC, hearing transcripts and the FOFD. Further, drafting the complaint required an examination of the implementation status for the awarded relief to bring a failure to implement cause of action in federal court. Defendant seeks a reduction in the compensable time regarding this task with no evidence to support a reduction. A reduction request based on an unsupported opinion of an attorney is all that is offered and for this reason should fail in

persuading this Court that a reduction is warranted. Defendant's counsel has no basis for the rates suggested other than a reliance on historical data.

Below, is a table displaying Plaintiff's total fees, costs and expenses.

| Name | Hourly Rate | Number of Hours | Total |
|---|---|---|---|
| **ADMINISTRATIVE COMPONENT** | | | |
| Andrew K. Cuddy (attorney) | $550.00 | 1.60 | $880.00 |
| Jason Sterne (attorney) | $550.00 | 17.40 | $9,680.00 |
| Michael J. Cuddy (attorney) | $550.00 | 2.20 | $1,210.00 |
| Michael J. Cuddy (attorney-travel) | $250.00 | 1.10 | $302.50 |
| Nina Aasen (attorney) | $550.00 | 72.40 | $39.820.00 |
| Nina Aasen travel (attorney-travel) | $250.00 | 15.0 | $4,125.00 |
| Total Attorney Fees | | | **$56,017.50** |
| Allison Bunnell (paralegal) | $225.00 | 13.30 | $2,992.50 |
| Sarah Woodard (paralegal) | $225.00 | .30 | $67.50 |
| Amanda Pinchak (paralegal) | $225.00 | 27.10 | $6,097.50 |
| Shobna Cuddy (senior paralegal) | $225.00 | 1.30 | $292.50 |
| Total Paralegal Fees | | | **$9,630.00** |
| **FEE SUBTOTAL** | | | **$65,647.5** |
| Lodging | | | $409.86 |
| Meals | | | $43.16 |
| Mileage | | | $251.80 |
| Parking | | | $51.50 |
| Toll | | | $16.00 |
| Postage | | | $9.18 |
| Copy / @ $.50 per page | | | $118.00 |
| Fax / @ $2.00 per page | | | $104.00 |
| Transportation | | | $101.75 |
| **COST SUBTOTAL** | | | **$1,105.25** |
| ***ADMINISTRATIVE COMPONENT SUBTOTAL*** | | | **$66,752.75** |
| **FEDERAL COMPONENT** | | | |
| Andrew K. Cuddy (attorney) | $550.00 | 9.50 | $5,225.00 |
| Britton H. Bouchard (attorney) | $375.00 | 77.60 | $29,100.00 |
| Kevin M. Mendillo (attorney) | $450.00 | 1.40 | $630.00 |
| Michael J. Cuddy (attorney) | $550.00 | .9 | $495.00 |
| Nina Aasen (attorney) | $550.00 | 3.00 | $1,650.00 |
| Shobna Cuddy (senior paralegal) | $225.00 | 2.40 | $540.00 |
| Cailin O'Donnell (paralegal) | $225.00 | .60 | $135.00 |
| Allyson Green (paralegal) | $225.00 | 2.80 | $630.00 |
| **FEE SUBTOTAL** | | | **$38,805.00** |
| Filing Fee | | | $400.00 |
| **COST SUBTOTAL** | | | **$400.00** |
| ***FEDERAL COMPONENT SUBTOTAL*** | | | $39,205.00 |

| ***GRAND TOTAL*** | | | ***$105,557.75*** |
|---|---|---|---|

CONCLUSION

Based on the foregoing, the Court should grant attorneys' fees and costs in favor of Plaintiff and such further relief as the Court deems just and proper.

Dated: Auburn, New York
August 17, 2021

Respectfully submitted,

**/s/ Britton H. Bouchard**
CUDDY LAW FIRM, P.L.L.C.
Britton H. Bouchard,
Esq.*Attorneys for*
*Plaintiffs* 5693 South
Street Road Auburn,
New York 13021(315)
370-1325
bbouchard@cuddylawfirm.com