20 CV 6799 (JPC)(SN)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

A.W., individually and on behalf of E.D., a child with a disability,

                              Plaintiff,

- against -

NEW YORK CITY DEPARTMENT OF EDUCATION,

                              Defendant.

**DEFENDANT'S SUR-REPLY MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**GEORGIA M. PESTANA**
*Corporation Counsel of the City of New York*
Attorney for Defendant
100 Church Street
New York, NY 10007

Of Counsel: Sherry N. Glover
Tel: (212) 356-0896
Matter No. 2020-034993

**TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................ II

PRELIMINARY STATEMENT ..................................................................................................... 1

ARGUMENT .................................................................................................................................. 1

      PLAINTIFF IS NOT ENTITLED TO INCREASED
      HOURLY RATES BASED ON THE CITY'S
      RETAINER AGREEMENT WITH HNRK ............................................... 1

CONCLUSION ............................................................................................................................... 4

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*C.B. v. New York City Dep't of Educ.*,
  18 Civ. 7337 (CM), 2019 U.S. Dist. LEXIS 111636 (July 2, 2019) .........................................2

*C.D. v. Minisink Valley Central School District*,
  17 Civ. 7632 (PAE), 2018 U.S. Dist. LEXIS 134646 (S.D.N.Y. Aug. 9, 2018) .......................2

*Domino Media, Inc. v. Kranis*,
  9 F. Supp. 2d 374 (S.D.N.Y. 1998) ..........................................................................................2

*H.C. v. New York City Dep't of Educ.*,
  20 Civ. 0844, 2021 U.S. Dist. LEXIS 113620 (S.D.N.Y. June 17, 2021) .................................2

*Keefe v. Shalala*,
  71 F.3d 1060 (2d Cir. 1995) ......................................................................................................2

*Knipe v. Skinner*,
  999 F.2d 708 (2d Cir. 1993) ......................................................................................................2

*S.W. ex rel N.W. v. Bd. of Educ.*,
  257 F. Supp. 2d 600 (S.D.N.Y. 2003) .......................................................................................3

*Perdue v. Kenny A.*,
  559 U.S. 542 (2010) ..................................................................................................................3

*Rowley v. City of New York*,
  00 Civ. 1793 (DAB), 2005 U.S. Dist. LEXIS 22241 (S.D.N.Y. Sept. 29, 2005) .....................2

*Sabatini v. Coring-Painted Post Area Sch. Dist.*,
  190 F. Supp. 2d 509 (W.D.N.Y. Sept. 26, 2001) ..................................................................3, 4

**Statutes**

Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.* ..........................................1

**PRELIMINARY STATEMENT**

Defendant New York City Department of Education ("DOE") submits this Sur-Reply in Opposition to Plaintiff's Motion for attorneys' fees and associated costs pursuant to the fee-shifting provision of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415. In Plaintiff's Reply, dated August 17, 2021 (Dkt. Nos. 42-43), Plaintiff argues that her counsel, the Cuddy Law Firm ("CLF"), is entitled to increased rates and/or the same rates at which the City of New York agreed to compensate lawyers at Hoguet Newman Regal & Kenney ("HNRK"), a private firm retained on a temporary and emergency basis to handle a significant number of IDEA "fees-only" cases near the end of the 2020 year.[1] As Plaintiff raises this argument for the first time in her Reply, the Court should decline to consider it. Additionally, CLF attorneys should not be awarded increased hourly rates based on those retained by HNRK because HNRK attorneys are not part of the community of special-education attorneys in New York State and, as such, their rates are immaterial to the analysis of reasonable fees in the instant matter. Accordingly, Plaintiff's demand for attorneys' fees should be reduced.

**PLAINTIFF IS NOT ENTITLED TO INCREASED HOURLY RATES BASED ON THE CITY'S RETAINER AGREEMENT WITH HNRK**

---

[1] The fiscal impact of COVID-19 on the City caused the New York City Law Department's ("Law Department") General Litigation Division, without notice and on the Order of the Mayor on April 10, 2020, to dismiss six contract attorneys who handled IDEA "fees-only" federal court litigation. This resulted in administrative challenges within the Law Department, as it endeavored to reassign the cases to approximately 60-full time Law Department lawyers. By the end of the 2020 year, the Law Department had accumulated numerous unassigned IDEA "fees-only" cases, which rendered it necessary to retain HNRK to settle such cases and avoid additional litigation.

Annexed to Plaintiff's Reply is a copy of the Retainer Agreement, dated December 30, 2020, which outlines the terms of the City's agreement with HNRK. (Dkt. No. 43-2)

1

Plaintiff's Reply argues – for the first time – that the New York City Law Department retained HNRK for higher rates than it proposed for CLF in the instant action, and that such discrepancy justifies increased rates. The Court should decline to consider this argument. It is well-settled that the Second Circuit "disfavors new issues being raised in reply papers." *Rowley v. City of New York*, 00 Civ. 1793 (DAB), 2005 U.S. Dist. LEXIS 22241 at *13-14 (S.D.N.Y. Sept. 29, 2005); *see also Keefe v. Shalala*, 71 F.3d 1060, 1066 n.2 (2d Cir. 1995) (the court "will not consider arguments raised for the first time in a reply brief"); *Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993) ("arguments may not be made for the first time in a reply brief"); *Domino Media, Inc. v. Kranis*, 9 F. Supp. 2d 374, 387 (S.D.N.Y. 1998) (new arguments first raised in reply papers in support of a motion for summary judgment will not be considered).

Here, it is inappropriate for Plaintiff to raise new arguments at this juncture. Plaintiff's opening motion and supportive papers, dated April 15, 2021 (Dkt. Nos. 20-24), fail to mention the Retainer Agreement or its purported implications for the instant application. Plaintiff also fails to proffer any explanation in support of her decision to exclude such argument from her moving papers. Thus, the Court need not evaluate or compare HNRK's retainer rates with Defendant's proposed rates for CLF attorneys, which are based upon recent decisions issued by this Court. *See H.C. v. New York City Dep't of Educ.*, 20 Civ. 0844, 2021 U.S. Dist. LEXIS 113620, at *13 (S.D.N.Y. June 17, 2021) (awarding senior CLF attorneys M. Cuddy, A. Cuddy and J.Sterne a $360 hourly rate); *C.B. v. New York City Dep't of Educ.*, 18 Civ. 7337 (CM), 2019 U.S. Dist. LEXIS 111636, at *22 (July 2, 2019) (awarding second-year CLF associate $200 per hour).

Even assuming *arguendo* that Plaintiff's newly-raised argument warrants consideration, HNRK's retainer rates are not relevant or representative of the prevailing market rates for special education attorneys in New York State. In determining reasonable hourly rates, Courts look to the prevailing market rates in the "community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *S.W. ex rel N.W. v. Bd. of Educ.*, 257 F. Supp. 2d 600, 603-04 (S.D.N.Y. 2003). Here, in contrast to CLF, HNRK does not represent parents – or the DOE – in administrative proceedings brought pursuant to the IDEA; they are not part of the community of IDEA practitioners. *See Perdue v. Kenny A.*, 559 U.S. 542, 551 (2010) (Courts must look to the prevailing market rates in the "relevant community"). Rather, HNRK specializes in labor and employment disputes, commercial and insurance litigation, and white-collar defense and government investigations.[2] The City's emergency retention of HNRK – and the rates paid to HNRK for adjudication of IDEA "fees-only" cases – are thus immaterial to the analysis concerning reasonable hourly rates for IDEA administrative work.[3]

---

[2] *See* https://www.hnrklaw.com/practices (last accessed on October 14, 2021).

[3] Plaintiff relies on a case outside of the Southern District, *Sabatini v. Coring-Painted Post Area Sch. Dist.*, 190 F. Supp. 2d 509 (W.D.N.Y. Sept. 26, 2001), to argue that attorneys who represent parents of disabled children are entitled to higher fee awards than attorneys who represent school districts. Although the Court in *Sabatini* acknowledged the differences between attorneys representing school districts and those representing plaintiffs in IDEA matters, such recognition carries no implications for the instant matter. As noted above, in contrast to the school district's counsel in *Sabatini*, HNRK attorneys do not handle IDEA administrative disputes or litigate *substantive* IDEA claims on behalf of the DOE in Court. Accordingly, a comparative analysis of HNRK's rates is not necessary.

Notably, the Retainer Agreement outlines blended rates – that is, $400 for partners, $300 for junior associates, and $100 for paralegals. (Dkt. No. 43-2) To the extent that CLF seeks identical rates, lead attorney and junior associate Bouchard would gain an increased rate, but all CLF senior counsel rates would be reduced.

## **CONCLUSION**

**WHEREFORE**, Defendant respectfully requests that the Court deny Plaintiff's motion and grant Defendant such other and further relief as the Court deems appropriate.

Dated:  October 15, 2021
        New York, New York

>       GEORGIA M. PESTANA
>       *Corporation Counsel of the City of New York*
>       Attorney for Defendant
>       100 Church Street, Room 2-305
>       New York, NY 10007
>       t: (212) 356-0896
>       e: shglove@law.nyc.gov
>
>
>       By:   */s/ Sherry N. Glover*
>             SHERRY N. GLOVER
>             *Assistant Corporation Counsel*

4